(93 Misc. Rep. 456)

### LIPPINCOTT GLASS CO. v. GRIFFIN et al.

(City Court of New York, Trial Term. January, 1916.)

JUDGMENT ⬅818(2)—ACTIONS ON JUDGMENT—SCOPE OF RELIEF.

Where the only evidence of an Indiana judgment sued on for plaintiff and against defendants as partners on a partnership indebtedness is the judgment roll and admissions as to the amount due, and there is no evidence as to the effect of the judgment, it cannot be enforced in New York, even to the extent of the joint property of the firm, nor even subject to a trial of the facts on which the judgment was founded, as against the defendant who was served with process in Indiana by leaving a certified copy of the summons with the other defendant, his partner.

[Ed. Note.—For other cases, see Judgments, Cent. Dig. §§ 1460–1465; Dec. Dig. ⬅818(2).]

Action by the Lippincott Glass Company against George A. Griffin and another, doing business under the firm name of the George A. Griffin Glass Company, to recover on a judgment. Motion to set aside verdict for plaintiff granted, and new trial ordered.

Eugene L. Bushe, of New York City, for plaintiff.
P. H. Goldbaum, of New York City, for defendants.

LA FETRA, J. This action is brought to recover upon a judgment in favor of the plaintiff and against the defendants, as copartners, upon a partnership indebtedness, entered March 31, 1915, in an action in the superior court, Madison county, Ind. No question is presented as to its validity and enforcement in this state by way of an action against the defendant C. A. Friedrick. The only evidence offered is the judgment roll and the admissions as to the amount now due. Attached to the roll is a return as to service upon the defendants. The defendant C. A. Friedrick was served personally in the state of Indiana, and the defendant George A. Griffin, in his absence, by leaving a certified copy of the summons with C. A. Friedrick, his partner. The judgment recites due service of process, default in appearing, the joinder of issue upon the complaint, and default of each of the defendants, the taking of evidence, finds the defendants were partners transacting business in said county, and awards judgment in favor of plaintiff. Thereafter an execution was issued against "the property of the defendant," to wit, George A. Griffin Glass Company.

The record is devoid of evidence as to the force and effect of the judgment in Indiana. Whether the judgment creates an obligation to be satisfied alone from partnership assets, or, in the absence thereof, from the individual assets of the partners, does not appear. In

an analogous case (Hoffman v. Wight, 1 App. Div. 514, 37 N. Y. Supp. 262), Charles H. Wight, who was a nonresident of New Jersey, was not brought within the jurisdiction of its court. Actions were commenced upon various partnership liabilities by personal service of process upon Theodore Newell, his partner, and resulted in judgments in favor of plaintiff. It was conceded the judgments created obligations enforceable against Newell in any state of the Union, but not so as against Wight. The court concurred and said:

"The judgments are conclusive upon Newell individually. Nor is it to be doubted that as against Wight personally they are of no validity. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, and cases cited in the opinion in the court."

The liability of Wight arising from his partnership relation with Newell was then considered, and Judge Patterson said:

"The utmost that can be claimed for the New Jersey judgments as against Wight is that they are, as to copartnership property in New Jersey, if not strictly, yet quasi, judgments in rem, affecting only property leviable upon under an execution issued out of the courts of that state. They may serve to protect a purchaser at an execution sale who removes the property purchased into another jurisdiction, but are not available in this state as the basis of an action against Wight."

The Indiana judgment against the defendant Griffin cannot be enforced in this state, even to the extent of the joint property of the firm, nor even subject to a trial of the issues of facts upon which the judgments in Indiana are founded. Hofferberth v. Nash, 50 Misc. Rep. 328, 98 N. Y. Supp. 684.

The motion to set aside the direction of a verdict in favor of the plaintiff is granted, and a new trial ordered, with costs to abide the event.

Ordered accordingly.